Chief Justice Robertson
delivered the Opinion of the Court, in this case
in the decision of which Judge Nicholas took no part.
Southard sued Guthrie, in ejectment, for a tract of land in Jefferson count}7, and, in deducing title from the commonwealth, read the record of a suit in chancery, instituted by Craven P. Lucket against John Peck, for foreclosing a mortgage, which had been given by Peck to Lucket, for the same tract of land and other estate; a deed by a commissioner under that decree, to James W. Denny ; a judgment, and fieri facias upon it, in favor of Southard against Denny, and a deed from the sheriff to Southard, of Denny’s interest in the said tract of land, which had been sold by the sheriff in virtue of the said execution.
The circuit court instructed the jury, that the legal title to the land did not pass to Denny, in consequence of the decree and the conveyance under it by the commissioner, and that, consequently, the sheriff’s deed did not convey the legal title to Southard ; and thereupon, verdict and judgment were, of course, rendered in bar of the action.
The only question now necessarily to be considered, is, whether the instruction given by the circuit judge, was right.
Record of a chancery suit, and a sale under the decree, through which the plaintiff derives title.
A decree, upon U bill for a foredosureandsale, which . orders, that, unless the defendant pay so much, by such a day, his “ equity of redemption in and to the mortgaged premises,” shall be sold, authorizes the sale Of that equity only :— not of the mortgagee’s interest— especially where t|ie advertisement and deed, by the commissioner, are in conformity to the decree, and the sum produced by the sale, inconsiderable.— Such a deed does not pass the legal title to the estate.
*340 Though, ou this point, the record of the chancery suit presents rather an anomalous, and apparently incongruous, state of case, the legal import and effect of the facts which it exhibits, are, in our judgment, not difficult to comprehend.
Lucket’s bill prayed'that Peck’s “ equity of redemption in the mortgage or trust properly and estate in the deed mentioned, be forever barred and foreclosed — that the same be ordered to sale to satisfy, fyc.” Peck’s answer consented to the decree as prayed for.
The decree directed that, unless by a given day, Peck should pay to Lucket seventeen thousand dollars, with legal interest^ from the tenth of March, 1818, till paid, his (Peck’s) “ equity of redemption, of in, and to the mortgaged premises in the bill and deed mentioned, be sold, or so much thereof as will be sufficient to pay the aforesaid demand, and eosts of suit.
The commissioner, who had been appointed to sell under the decree, advertised that he would sell Peck’s equity of redemption.
All the mortgaged estate sold for only about one thousand one hundred dollars, in notes of the Bank of the Commonwealth ; and the tract of land now in controversy in this suit, containing about two hundred and forty acres, was sold for only sixty dollars.
The deed from the commissioner to Denny, only conveyed, for Peck, and in his name, his right to the estate.
Now, we are clearly of opinion, that, whatever the court, or the parties, may have intended, the decree cannot be understood as directing the sale of any thing more than Peck’s equity of redemption in the property described in the mortgage and the bill. And, were it admitted to be proper, or allowable, to look out of the decree itself, for evidence of what the court intended, we are, also, clearly of opinion that the advertisement, the amount of the sale, and the commissioner’s deed, all fortify the plain and inevitable literal construction of the decree : that is, that it directed the sale of Peck’s equity of redemption only.
Against all these strong facts, Denny cannot be deemed to have acquired the legal title, or the mortgagee’s *341 interest, even were it admitted, that the court ought to have decreed the sale of the absolute and entire right to the mortgaged estate. But, the proceedings under the decree, indicate that the parties to it, the commissioner, and Denny himself, understood it according to its manifest literal import, and as this court feels bound .to interprit it.
Wherefore, it is the opinion of this court, that Southard failed, on the trial, to shew that he had a legal title to the land, or any right to the possession thereof; and therefore, the judgment of the circuit court must be affirmed.